(53 Misc. Rep. 24)

### BURRITT v. BURRITT.

(Supreme Court, Special Term, Erie County. January, 1907.)

DIVORCE—ADULTERY—CUSTODY OF CHILDREN.

    In divorce, there was a judgment for plaintiff on the ground of defendant's adultery; but the custody of the children—three boys, aged 12, 13, and 15 years—was awarded to the defendant. It did not appear that plaintiff had ever failed to act toward her children as a devoted mother, and the children were not examined as to what their wishes were. There was evidence that plaintiff had received and retained in her possession certain compromising letters, but she disclaimed all knowledge of them. It also appeared that one of the children once called plaintiff a vile name and was unrebuked by her, and that on two occasions she was guilty of coarse, though innocent speech. *Held*, that plaintiff might apply, upon proof of the wishes of the children and additional proof of their future interests, for a modification of the judgment as far as it related to the custody of the children.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 781–787, 793–795.]

Action for divorce by Mabel W. Burritt against Jacob L. Burritt. Motion by defendant to confirm referee's report in favor of plaintiff on the question of defendant's adultery, but awarding custody of children to defendant. Report confirmed, and judgment ordered in accordance therewith, but with leave to the plaintiff to apply for a

modification of the judgment as far as relates to the custody of said children and allowance for their support.

W. W. Waring, for the motion.

John J. Kuhn, W. V. Goldberg, and M. M. Wyvell, opposed.

POUND, J. No attempt was made by defendant on the trial to dispute or disprove his adultery. The contest was wholly over the custody of the children and the allowance for the support of plaintiff and such children. The referee has found in favor of the plaintiff on the question of defendant's adultery; but he has awarded the custody of the three children of the parties, who are boys, aged respectively, 15, 13, and 12 years, to the defendant, on the ground that plaintiff's unfitness for the training of her children is established by evidence of her conduct and character produced upon the trial. Plaintiff is denied the right to the companionship of her children at any time. It is unusual to award the custody of the children to the guilty defendant, and the grounds upon which such an award is made should be critically examined. To compel these children to live with their father, their own wishes and welfare should be consulted, and it must clearly appear that the character of their mother is such that it would not be safe to intrust to her the education and care of said children, and that the character of the guilty father is such that it would be safer and more prudent to award their custody to him. Osterhoudt v. Osterhoudt, 48 App. Div. 74, 62 N. Y. Supp. 529; People ex rel. Winston v. Winston, 65 App. Div. 231, 72 N. Y. Supp. 456. This case is devoid of evidence that plaintiff ever failed to act towards her children as a devoted mother. The children were not examied on the trial, and it does not appear what their wishes in the matter are.

The referee finds that plaintiff had in her possession certain compromising letters, purporting to be addressed to her, the retention of which he construes as evidence of adulterous disposition or conduct on her part towards some unknown person at some time not specified. She denies that she ever received such letters and disclaims all knowledge of them. He also finds that one of the children once called his mother a damn fool, and was unrebuked by her, and that on two occasions she was guilty of coarse, though innocent speech. While plaintiff may not, in all respects, be an ideal mother, it does not follow that the happiness and welfare of these boys would be promoted by taking them away from her entirely.

The plaintiff is entitled to judgment of divorce, and, as this court has power only to confirm or to refuse to confirm the referee's report, the report is confirmed and judgment ordered in accordance therewith, but with leave to the plaintiff to apply, upon proof of the wishes of the children and additional proof as to their future interests, for a modification of the judgment herein as far as relates to the custody of said children and allowance for their support.

Meanwhile let the execution of judgment be stayed so far as it awards custody of the children to the defendant.